**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAR 2 2 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Joanne Edmonds Jackson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13 0372 |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a resident of Suitland, Maryland, sues the United States for $200 million in damages for an alleged "illegal" hospitalization, among other wrongs. Compl. at 2. A claim for monetary damages against the United States is cognizable for certain misconduct under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq*. Such a claim is maintainable, however, only after the plaintiff has exhausted administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996). Since plaintiff has not indicated that she exhausted her administrative

remedies under the FTCA, this case will be dismissed. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."). A separate Order accompanies this Memorandum Opinion.

/s/ Robert L. Wilkins
United States District Judge

Date: March 20, 2013